The cases are not parallel. In the case of a residuary legatee, the interest is contingent, — in the principal case certain, therefore the witness cannot be heard.
On the part of the plaintiff, John Gordon was produced as a witness to show that these bills of sale were fraudulent. He proved that at the time of the execution of the bills he was present; that the deceased then said there were unjust demands against him, which was his reason for making them; the negroes continued in his possession, the children to whom conveyed being then with him.
M'KINNEY, for the plaintiff, argued that the conveyances or bills of sale for the negroes were fraudulent. Beside, the evidence of Gordon, and the circumstance of their continuing in possession, made them so. 2 Cun. ed. Bac. 604, 605.
KENNEDY, e contra, relied upon the bills of sale having been registered before the debt arose; the reputation of the property in the neighborhood, and at all events the administrator was not liable for any property but that which came to his hands, — these negroes never did. 2 Bac. 604. The bills of sale being obligatory on the deceased, were equally so on his administrator, who could not dispute them.[1] *Page 303 
The negroes were not included in the inventory, they are there mentioned as the property of those to whom they were conveyed.
The settlement with the County Court showed disbursements to the amount of $759.20, in the payment of debts These payments were allowed and adjusted by the committee of the County Court, and afterwards confirmed by that court. The amount of the inventory is $719.56, — we have paid more than was received from the estate. An executor or administrator is justifiable in paying a simple contract debt, unless he has notice of one by specialty. Godol. 146, pl. 617; Bull. N. P. 178.
The debt was contracted after the bills of sale, and therefore cannot be considered fraudulent as respects this debt, for it was not in existence.
WHITE argued at great length in conclusion.
[1] 7 Johns. 161, acc.